UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAREY BRABSON,                    Case No. 1:11-cv-399

      Plaintiff,                       Judge Timothy S. Black

vs.

STATE OF OHIO, SOUTHERN OHIO
CORRECTIONAL FACILITY;
AL LEWIS; and JANE/JOHN DOE(S),

      Defendants.

**ORDER THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED**

This civil case is before the Court on Defendants' Motion to Dismiss (Doc. 3) and the parties' responsive memoranda (Docs. 4 & 5).

**BACKGROUND**

Plaintiff Carey Brabson is employed by Defendant State of Ohio Southern Ohio Correctional Facility ("SOCF") as a Victim Coordinator. (Doc. 1 at ¶ 4). Defendant Al Lewis is the Chief Investigator at SOCF. (*Id*. at ¶ 6). On June 17, 2011, Brabson filed a complaint against SOCF and Lewis, alleging three counts. Count I claims that Brabson has been subjected by SOCF and Lewis to sexual harassment, sex discrimination, and a hostile work environment and/or retaliation for her complaints, in violation of 42 U.S.C. § 2000e, et seq., Title VII. (*Id*. at ¶¶ 1-14). Count II alleges that "the actions of defendants are in violation of 42 U.S.C. § 2000e, et seq." without further elaboration. (*Id*. at ¶¶ 15-17). Finally, Count III alleges that Brabson was subjected to sexual harassment by Lewis and SOCF in violation of Ohio Rev. Code Ann. § 4112.02 et seq. (*Id*. at ¶¶ 18-25).

## ANALYSIS

**A.  Count I is Dismissed with Respect to Defendant Lewis.**

Count I of the complaint alleges that Lewis is liable for violations of Title VII in both his individual and official capacities.  (Doc. 1 at ¶ 6).  Defendants correctly state in their motion that Title VII does not permit employees or supervisors to be sued in their individual capacities.  (Doc. 3 at 4).  *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).  Plaintiff acknowledges this, and has consented to the dismissal of Lewis in his individual capacity.  (Doc. 4 at 1).

Defendants argue that the Court should also dismiss claims against Lewis in his official capacity.  (Doc. 3 at 5).  A suit against a state official in his official capacity is akin to a suit against the state agency itself.  *Printz v. United States*, 521 U.S. 898, 930-931 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Count I's claims against Lewis in his official capacity are thus redundant with claims against SOCF.  *See* Fed. R. Civ. P. 12(f) (authorizing the Court to dismiss redundant claims).

Accordingly, Count I's claims against Lewis acting in both his individual and official capacities are dismissed.

**B.  Counts II and III are dismissed by agreement of the parties.**

Defendants assert that Counts I and II present identical causes of action, and therefore Count II should be dismissed as redundant.  (Doc. 3 at 5).  Defendants also claim that Plaintiff's state law claims are barred under the doctrine of sovereign

immunity, and, therefore, Count III should be dismissed. (*Id*. at 2-3). Plaintiff has responded that "she does not oppose the dismissal of Counts II and III." (Doc. 4 at 1).

Accordingly, Counts II and III are dismissed.

## CONCLUSION

For the reasons stated herein, Defendants' motion is **GRANTED**. Lewis is dismissed as a defendant; Counts II and III are dismissed; and this case proceeds only on Count I against SOCF.

**IT IS SO ORDERED**.

Date: 9/29/11

Timothy S. Black
United States District Judge